Caroline Janzen, OSB #176233
caroline@ruggedlaw.com
503-520-9900
JANZEN LEGAL SERVICES, LLC
4550 SW Hall Blvd
Beaverton, OR 97005
Phone: 503-520-9900
Fax: 503-479-7999
Attorney for Plaintiff

IN THE FEDERAL DISTRICT COURT
FOR THE DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| SONYA DRONOV, an Individual,<br>STEPHANIE FRANK, an Individual,<br>EDUARD BULEK, an Individual,<br><br>Plaintiffs,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS, a corporation,<br><br>Defendant. | Case No.<br><br>CONSOLIDATED COMPLAINT FOR DAMAGES<br>**(EMPLOYMENT DISCRIMINATION)**<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>**JURY TRIAL REQUESTED** |

Plaintiffs, through counsel, come before the Court to file this Complaint for Damages against the above-named Defendant. Plaintiffs allege as follows:

### INTRODUCTION

This case centers around the Plaintiffs, former employees of various health care entities owned by Defendant Kaiser, and the unlawful religious discrimination they suffered because of their inability to take the COVID-19 vaccine and the Defendant's refusal to offer reasonable accommodations for the same.

Page 1 –COMPLAINT FOR DAMAGES

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

**JURISDICTION, VENUE, AND PARTIES**

1.

Venue for this action is proper in the District of Oregon. The Plaintiffs are various former employees of the Defendant who worked at various facilities of the Defendant in the Portland, Oregon area. Defendant is a corporation with more than 500 employees that does regular, sustained business activity in the State of Oregon. Plaintiffs have exhausted their administrative remedies through the U.S. Equal Employment Opportunity Commission and are bringing this Complaint within the 90-day time limit allocated to them by statute.

2.

Plaintiffs seek a jury trial for all claims that can be tried to a jury under federal law.

**STATEMENT OF FACTS**

3.

As described in greater detail below, each of the Plaintiffs worked in the health care field at one of the Defendant's facilities during the COVID-19 pandemic, which began in February of 2020. Each Plaintiff was an exceptional employee, and each maintained the strictest adherence to the safety standards employed by the Defendant during the pandemic to alleviate or eliminate the risk of infection, including the wearing of personal protective equipment (PPE), regular handwashing, social distancing, regular testing, and quarantining when necessary.

4.

In the summer of 2021, the Defendant imposed a COVID-19 vaccine mandate on its employees. Consistent with state and federal law, employees with religious convictions anathema

Page 2 –COMPLAINT FOR DAMAGES

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

to the vaccine, or who had medical conditions inconsistent with the vaccine, had the right to apply for religious or medical exceptions to the vaccine.

5.

Each Plaintiff held sincere and profound religious beliefs that prevented them from being able to take the available COVID-19 vaccines. Their religious beliefs were in direct conflict with taking the COVID-19 vaccine. Their individual stories are below.

6.

**SONYA DRONOV**

Plaintiff Sonya Dronov was employed as a Laboratory Assistant for over five years at Kaiser Permanente's Regional Laboratory in Portland, Oregon. As a Laboratory Assistant, Plaintiff Dronov had no direct patient contact. Plaintiff Dronov consistently received positive reviews and was commended for being a hard worker, team player and quick learner.

7.

Plaintiff Dronov applied for a religious exception due to her strongly held Orthodox Christian beliefs that prevent her from being able to take the COVID-19 vaccine. She believes that her body is the temple of God, and that abortion is a sin, so the use of aborted fetal cells in the testing or development of the vaccines meant that she could not take the vaccine. Plaintiff Dronov was also pregnant at the time that Defendant required the vaccine. Plaintiff Dronov's exception request was originally accepted, then denied. She was placed on unpaid administrative leave on December 4, 2021, and terminated on January 10, 2022. Prior to her placement on unpaid leave, Plaintiff Dronov experienced a hostile work environment, with neither her manager nor coworkers recognizing Plaintiff Dronov's religious beliefs and her reasons for not being able to be vaccinated.00

8.

Plaintiff Dronov has been traumatized by this experience and feels betrayed by Defendant.

Page 3 –COMPLAINT FOR DAMAGES

She does not understand how anyone is able to determine whether she is religious enough to get her exemption approved, and she is sad and hurt that this would be questioned. She has suffered mental and emotional distress due to Defendant's unlawful actions.

9.

Plaintiff Dronov was able to collect unemployment but has not been able to obtain other employment. Plaintiff Dronov has suffered economic damages of at least $237,000.00, and non-economic damages of at least $400,000.00 or an amount to be determined at trial. Plaintiff Dronov received a right to sue letter from the EEOC on September 12, 2023.

10.

**STEPHANIE FRANK**

Plaintiff Stephanie Frank worked for approximately six years as a Dentist Billing Specialist for Kaiser. In November 2019, Plaintiff Frank began working from home, with one day a month in the office. This continued throughout the pandemic, with Plaintiff Frank working almost entirely from home.  When she did go into the office, employees were spaced eight to ten feet apart, with everyone wearing masks.

11.

Plaintiff Frank submitted a religious exception to decline the COVID-19 vaccine, due to her strongly held Christian religious beliefs.   Plaintiff's exception was initially accepted, then denied. She was placed on unpaid leave on December 6, 2021, and terminated on January 10, 2022.  Plaintiff Frank submitted an appeal to her exception denial and was told that Kaiser was not allowing an appeal process.  On January 14, 2022, Plaintiff Frank met with her supervisor to return the computer equipment she had used to work from home.

12.

Plaintiff Frank was eventually able to obtain unemployment even though Kaiser contested the claim, and it took over a year for the appeals process to be exhausted. Plaintiff Frank was able to obtain other employment, but at a reduced hourly rate and benefits that cost double what she

had with Kaiser.

13.

Plaintiff Frank has suffered tremendous emotional distress, anxiety, and depression as a consequence of the Defendant's unlawful actions. Plaintiff Frank suffered economic damages of at least $72,000.00, and non-economic damages of at least $200,000.00, or an amount to be determined at trial. Plaintiff Frank received a right to sue letter from the EEOC on August 29, 2023.

14.

**EDUARD BULEK**

Plaintiff Eduard Bulek was employed for approximately ten years as a Respiratory Therapist at Kaiser Sunnyside Medical Center.  As a respiratory therapist, he took care of the sickest patients, including COVID-19 positive patients. During the pandemic, he followed all necessary personal protective equipment (PPE) regulations and spent a significant  amount of time working and helping acutely ill patients who had COVID.

15.

Plaintiff Bulek has deeply held Christian beliefs and filed a request for a religious exception to the vaccine mandate on September 9, 2021, which was initially approved. Plaintiff Bulek believes that he cannot seek to benefit from the abortion of a human fetus in any way. All three COVID-19 vaccines have used cell strains from aborted human fetuses in the development or testing of the vaccines. Plaintiff Bulek believes that it would be spiritually and morally wrong for him to take any of them. Plaintiff Bulek was subsequently notified that his exception was denied, and he was terminated on January 10, 2022.  This was a traumatic experience for Plaintiff Bulek, causing much emotional distress, and it has greatly affected his life.  As a result of Defendant's unlawful actions, Plaintiff Bulek was forced to look for work elsewhere and to take on temporary contract jobs to places that accepted his religious exception. For the first year after being terminated, Plaintiff Bulek was compelled to work in southern Oregon, living out of motels,

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

away from his home. He still does not have permanent employment, and his contract expires at the end of 2023. At that time, he may need to relocate out of Oregon for work.

16.

. Plaintiff Bulek lost his health benefits when he was terminated by Kaiser and has had to pay out of pocket for medical treatment, including for an unexpected surgery. Further, he has lost the ten years of seniority that he had with Kaiser. Plaintiff Bulek has suffered emotional distress, worry and anxiety. Plaintiff Bulek suffered economic damages of at least $492,154.00 in past and future wage loss, lost benefits, and retirement contributions, and non-economic damages of at least $1,450,000.00 or in an amount to be determined at trial. He received a right to sue letter from the EEOC on September 12, 2023.

17.

Until the COVID-19 pandemic unfolded, none of the Plaintiffs sincerely held religious beliefs had caused conflict with their work requirements.

18.

The Defendant has yet to explain why, in its view, after nearly two years of being able to work without incident during the pandemic, that Plaintiffs suddenly created an unacceptable health and safety risk necessitating them being placed on unpaid administrative leave, followed by termination.

19.

The Defendant's adverse employment actions against Plaintiffs were not to protect against an unacceptable health and safety risk. Instead, those actions were discriminatory and retaliatory. Each of the Plaintiffs should have been given reasonable accommodations to continue working for Defendant.

20.

Each of the Plaintiffs has suffered significant economic loss and emotional distress as a consequence of the Defendant's unlawful conduct.

**Janzen Legal Services, LLC**
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

21.

## FIRST CLAIM FOR RELIEF – All Plaintiffs

## (Unlawful Employment Discrimination Based on Religion

## in Contravention of Or. Rev. Stat. § 659A.030)

Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

22.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

23.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

24.

When Plaintiffs requested exceptions to the COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize or accommodate Plaintiff's religious beliefs.

25.

Instead of finding reasonable accommodation or set of accommodations to accommodate the Plaintiffs' religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religion by Defendant as outlined above was a proximate cause of Plaintiffs' individual wrongful terminations.

26.

As a result of Defendant's violation of O.R.S. 659A.030(1)(A), Plaintiffs have been damaged in an amount to be determined at trial, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

27.

Page 7 –COMPLAINT FOR DAMAGES

## SECOND CLAIM FOR RELIEF- All Plaintiffs

## (Unlawful Discrimination in Contravention of Title VII of the Civil Rights Act –

## 42 U.S.C. §2000e et seq.)

Plaintiffs reallege all paragraphs above and below as if fully set forth herein.

28.

Plaintiffs are members of a protected class on the basis of their devout and sincerely held religious belief in the tenants of Christianity.

29.

The Plaintiffs' sincerely held religious beliefs conflicted with the Defendant's COVID-19 vaccine mandate.

30.

When Plaintiffs requested religious exceptions to the Defendant's COVID-19 vaccine mandate, the Defendant failed to make a good faith effort to recognize and accommodate Plaintiffs' religious beliefs.

31.

Instead of finding reasonable accommodation or set of accommodations for their religious beliefs, the Defendant engaged in a series of adverse employment actions culminating in Plaintiffs' unlawful terminations. The unlawful discrimination against Plaintiffs' religious beliefs by Defendant as outlined above was a proximate cause of Plaintiffs' wrongful terminations.

32.

As a result of Defendant's unlawful discrimination, Plaintiffs have been damaged in an amount to be determined at trial, but that exceeds $1,000,000.00, and for non-economic damages in an amount to be determined at trial for suffering, emotional distress, anguish, and mental distress. Plaintiffs also seek punitive damages. Plaintiffs further seek attorney's fees.

## PRAYER FOR RELIEF

Janzen Legal Services, LLC
4550 SW Hall Blvd
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-479-7999

WHEREFORE, Plaintiffs demand judgment against Defendant and seek the following relief:

1.  A judgment in favor of Plaintiffs and against Defendant on both claims in an amount to be determined at trial but exceeding $1,000,000.00.

2.  Plaintiffs seek a trial by Jury on all claims to which Plaintiffs are entitled to a jury trial.

3.  Plaintiffs' reasonable attorney fees, costs, and prevailing party fees.

4.  Any other relief as the Court deems just and equitable.

DATED this 11th day of October, 2023.

JANZEN LEGAL SERVICES, LLC

By /s/ Caroline Janzen
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorney for the Plaintiff